# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 14-09873 |
| | ) | |
| CPC Laboratories, Inc., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge: Pamela S. Hollis |
| | ) | **Hearing Date: August 26, 2014** |
| | ) | **Hearing Time: 10:00 a.m. CDT** |

## NOTICE OF MOTION

TO: See attached service list

PLEASE TAKE NOTICE that on **Tuesday, August 26, 2014**, at **10:00 a.m. CDT**, we shall appear before the Honorable Pamela S. Hollis, Bankruptcy Judge, in Courtroom 644, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, 60604 or before any other judge who may be sitting in his place and stead, and shall present **Henkel Consumer Goods Inc.'s Motion to Modify the Automatic Stay**, a copy of which is attached hereto and herewith served upon you, at which time and place you may appear if you so see fit.

Dated: Chicago, Illinois
       August 18, 2014

DRINKER BIDDLE & REATH LLP

By:   /s/ Timothy R. Casey
      Timothy R. Casey (ARDC # 6180828)
      191 North Wacker Drive, Suite 3700
      Chicago, Illinois 60606
      Tel: (312) 569-1000
      Fax: (312) 569-3200

*Counsel to Henkel Consumer Goods, Inc.*

# **CERTIFICATE OF SERVICE**

I, Timothy R. Casey, an attorney in the law firm of Drinker Biddle & Reath LLP, certify that on this 18th day of August 2014, I electronically filed the foregoing **Notice of Motion** and **Henkel Consumer Goods Inc.'s Motion to Modify the Automatic Stay** via the CM/ECF System for the United States Bankruptcy Court for the Northern District of Illinois ("CM/ECF"), which caused notification of such filing to be sent to all registered users thereof, including the parties listed on the attached Service List A.

I further certify that on this 18th day of August 2014, I caused to be sent a true and correct copy of the foregoing **Notice of Motion** and **Henkel Consumer Goods Inc.'s Motion to Modify the Automatic Stay** to the non-registered CM/ECF participants listed on the attached Service List B by the means indicated therein.

                                                   /s/ Timothy R. Casey
                                                   Timothy R. Casey

## SERVICE LIST A

| | |
|---|---|
| Stephen G. Wolfe<br>Office of the United States Trustee, Region 11<br>219 S. Dearborn Street, Room 873<br>Chicago, Illinois 60604<br>steve.g.wolfe@isdoj.gov<br>*(U.S. Trustee)* | Christina H. Bawcum<br>Spiegel & Cahill, P.C.<br>15 Spinning Wheel Rd., #107<br>Hinsdale, Illinois 60521<br>christina.bawcum@spiegel-cahill.com<br>*(Creditor Labor Solutions, LLC)* |
| Michael A. Brandess<br>Aaron L. Hammer<br>Christopher J. Horvay<br>Sugar, Felsenthal, Grais & Hammer LLP<br>30 N. LaSalle Street<br>Suite 3000<br>Chicago, Illinois 60602<br>mbrandess@sugarfgh.com<br>ahammer@sugarfgh.com<br>chorvay@ sugarfgh.com<br>*(Official Committee of Unsecured Creditors)* | Kevin C. Driscoll<br>Timothy S. McFadden<br>Barnes & Thornburg<br>1 North Wacker Drive<br>Suite 4400<br>Chicago, Illinois 60606<br>kevin.driscoll@btlaw.com<br>tmcfadden@btlaw.com<br>*(Creditor Javo-Mex I, LLC)* |
| Allen J. Guon<br>Marc S. Reiser<br>Steven B. Townbin<br>Shaw Fishman Glantz & Towbin LLC<br>321 North Clark Street, Suite 800<br>Chicago, Illinois 60610<br>aguon@shawfishman.com<br>mreiser@shawfishman.com<br>stowbin@shawfishman.com<br>*(Creditor Allied Affiliated Funding, L.P.)* | William S. Hackney III<br>SmithAmundsen, LLC<br>150 North Michigan Avenue<br>Suite 3300<br>Chicago, Illinois 60601<br>whackney@salawus.com<br>*(Creditor Loeb Financial Services, LLC)* |
| Brian J. Jackiw<br>Freeborn & Peters LLP<br>311 South wacker Drive<br>Suite 3000<br>Chicago, Illinois 60606<br>bjackiw@freeborn.com<br>*(Creditor Ashley Calumet 7, LLC)* | Gregory J. Jordan<br>Mark R. Zito<br>Jordan & Zito LLC<br>55 West Monroe Street, Suite 3600<br>Chicago, Illinois 60603<br>gjordan@jz-llc.com<br>mzito@jz-llc.com<br>*(Debtor)* |

| | |
|---|---|
| David L. Kane<br>Meltzer Purtill & Stelle<br>300 S. Wacker Drive<br>Chicago, Illinois 60606<br>dkane@mpslaw.com<br>*(Creditor Labor Solutions, LLC)* | Kevin H. Morse<br>Arnstein & Lehr, LLP<br>120 S. Riverside, Suite 1200<br>Chicago, Illinois 60606<br>khmorse@arnstein.com<br>*(Creditor Metropolitan Water Reclamation District)* |
| Brandy A. Sargent<br>Stoel Rives LLP<br>900 SW Fifth Avenue, #2600<br>Portland, Oregon 97204<br>basargent@stoel.com<br>*(Interested Party Method Products, Inc.)* | R. Scott Alsterda<br>Ungaretti & Harris LLP<br>70 W. Madison Street, Suite 3500<br>Chicago, Illinois 60602<br>rsalsterda@uhlaw.com<br>*(Creditor Nalco Crossbow Water LLC)* |

## SERVICE LIST B

| CPC Laboratories, Inc.<br>c/o Ralph J. Schindler, Registered Agent<br>53 W. Jackson Blvd., Suite 818<br>Chicago, Illinois 60604<br>*Via First Class Mail* | CPC Laboratories, Inc.<br>Attn: B. Alicia Campos, President<br>9300 S. Sangamon St.<br>Chicago, Illinois 60620<br>*Via First Class Mail* |
|---|---|

ACTIVE/ 76526342.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 14-09873 |
| CPC Laboratories, Inc., | ) | |
| | ) | |
| Debtor. | ) | Judge: Pamela S. Hollis |
| | ) | Hearing Date:  August 26, 2014 |
| | ) | Hearing Time:  10:00 a.m. |

**HENKEL CONSUMER GOODS INC.'S MOTION TO
MODIFY THE AUTOMATIC STAY**

Henkel Consumer Goods Inc. ("Henkel"), by its attorneys, pursuant to §362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby requests the entry of an order modifying the automatic stay to allow it to take possession and remove its property from the premises used and occupied by CPC Laboratories, Inc. ("Debtor"), which is located at 9300 South Sangamon Street, Chicago, IL (the "Premises").  In support of this motion ("Motion"), Henkel respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

4. On March 19, 2014 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

5. The Debtor remains in possession of its assets and continues to operate its business as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6. Prior to the Petition Date through the date of the filing of the Motion, CPC manufactured, packaged, labeled, packed for shipment, and tendered to carriers, certain products for Henkel using raw materials, packaging, shipping material, formulas, molds and equipment owned by Henkel (the "Henkel Property").

7. Henkel's ownership of the Henkel Property has been acknowledged in various pleadings filed in the case including, but not limited to, the Debtor's response to question 14 of its Statement of Financial Affairs [Dkt. 40, pages 45 and 62-64], attached to and made a part of this Motion as Exhibit A, and Final Order (I) Providing Adequate Protection, (II) Authorizing Post-Petition Financing, (III) Granting Liens, Security Interests and Superpriority Claims, and (IV) Granting Related Relief [Dkt. 134, paragraph 3.d., pages 3 and 4), attached to and made a part of this Motion as Exhibit B.

8. On July 15, 2014, the United States Trustee filed a motion convert or dismiss the case to a proceeding under chapter 7 [Dkt. 145]. The motion is set for hearing on August 26, 2014.

9. On July 28, 2014, the Official Committee of Unsecured Creditors ("Committee") filed a motion to appoint a Chapter 11 Trustee [Dkt. 157]. The motion is set for hearing on August 26, 2014.

10. On July 29, 2014, this Court entered an order authorizing Allied Affiliated Funding, L.P. ("Allied") to foreclosure on its collateral if, among other things, the case is dismissed, converted to a Chapter 7 or a Chapter 11 Trustee is appointed [Dkt. 163].

11. On August 7, 2014, Nalco Crossbow Water LLC ("Nalco") filed a motion seeking, among other things, relief from the automatic stay so that it may take possession of certain water treatment equipment.

12. Henkel understands that the landlord of the Premises will not extend the Debtor's use and occupancy of the premises beyond September 2, 2014, unless the Debtor is winding down operations and that the Debtor, Henkel, and other parties with property in the Premises agree to remove such property on or about September 30, 2014.

13. The Debtor's operations will be ending or winding down so that the Premises can be vacated on or about September 30, 2014. Also, it is likely that Allied will be conducting a foreclosure sale on its collateral and that Nalco will take possession of its leased equipment. Accordingly, Henkel respectfully requests that the Court enter an order granting relief from the automatic stay for cause to allow Henkel to immediately exercise and enforce all its rights and remedies with respect to the Henkel Property, including taking possession of and removing the Henkel Property from the Premises.

14. The Debtor has no ownership interest in the Henkel Property, but rather a mere possessory interest. As several courts have held, "a possessory interest alone is so tenuous as to represent merely a scintilla of an interest insufficient to warrant the continued protection of the automatic stay." *In re Haynes*, 283 B.R. 147, 156 (Bankr. S.D.N.Y. 2002) (internal quotations and citations omitted). It is well-established that when a debtor has no ownership interest in property, cause exists to lift or modify the stay with respect to such property. *See, e.g. In re Layton*, 138 B.R. 219, 223 (Bankr. N.D. Ill. 1992) (holding that where the debtor had a "bare possessory interest" in property, "cause had been shown to modify the automatic stay pursuant to section 362(d)(1)"); *In re Carter*, 312 B.R. 356, 368 (Bankr. N.D. Ill. 1986) (granting creditor's

motion for relief from the automatic stay where debtor lacked any interest in the property other than a "bare possessory interest").

15. Therefore, because the Debtor has no legal or equitable ownership interest in the Henkel Property, it is not entitled to the automatic stay's protections with respect to the equipment, and "cause" exists pursuant to § 362(d)(1) to modify the automatic stay as requested herein.

16. Additionally, the Court may grant Henkel relief from the automatic stay if "the debtor does not have an equity in such property and such property is not necessary to an effective reorganization."  11 U.S.C. § 362(d)(2).

17. Henkel owns the Henkel Property.  Accordingly, the Debtor has no equity in the Henkel Property.

18. Further, the Henkel Property is not necessary for effective reorganization.  The Debtor did not file its plan by the deadline set by the Court, the United States Trustee's motion to convert or dismiss the case is set for hearing on August 26, 2014, Debtor's ability to use and occupy the Premises will terminate on or about September 30, 2014, and the automatic stay has been modified so that Allied may foreclose on its collateral.  Thus, there is no possibility the Debtor will reorganize.

19. Accordingly, Henkel is entitled to relief from the automatic stay pursuant to § 362(d)(2) of the Bankruptcy Code.

20. Finally, Henkel requests that the Court waive the 14-day stay provisions of Bankruptcy Rule 4001(a)(3) and make the Court's order effective immediately so that Henkel can take possession of the Henkel Property and arrange for its removal from the Premises in the time frame established by the Landlord of the Premises.

WHEREFORE, Henkel respectfully requests that the Court enter an order (1) granting the relief requested in the Motion; (ii) modifying the automatic stay to allow Henkel to exercise and enforce all its rights and remedies with respect to the Henkel Property including obtaining possession of and removing the Henkel Property from the Premises; (iii) making the order effective immediately as permitted by Bankruptcy Rule 4001(a)(3); and (iv) granting Henkel such other and further relief as the Court deems just and appropriate.

Respectfully Submitted,

Dated:  August 18, 2014                     HENKEL CONSUMER GOODS, INC.


By:  _/s/ Timothy R. Casey_____
       One of its Attorneys

Timothy R. Casey (ARDC # 6180828)
Drinker Biddle & Reath LLP
191 North Wacker Drive, Suite 3700
Chicago, IL 60606
Phone:  (312) 569-1201
Facsimile:  (312) 569-3201
timothy.casey@dbr.com